IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) RICHARD EUGENE HUBBARD,

    Plaintiff,

vs.

(1) CITY OF BROKEN ARROW, OKLAHOMA;
(2) OFFICER ROBERT C. MOTLEY, in his individual capacity; and, (3) OFFICER GIBSON, in his individual capacity,

    Defendants.

Case No. 21-CV-159-GKF-JFJ

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is founded upon the existence of a federal question under 42 U.S.C. § 1983 and the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution.

2.    The events that give rise to this lawsuit took place at or around Nienhuis Park in Broken Arrow, Oklahoma.

3.    Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

7.    At all times material herein, Plaintiff Richard Eugene Hubbard was a citizen of the United States of America and resident of Wagoner County, Oklahoma.

8.    Defendant City of Broken Arrow, Oklahoma is a municipal corporation, organized and existing under the laws of the State of Oklahoma, with its principal place of business in Tulsa County, State of Oklahoma.  Defendant City of Broken Arrow, Oklahoma acted through its agents, servants, and employees, who was or were the policymakers for the Defendant's Police Department and for the conduct of the police

officers employed by said Department and through Defendants Motley and Gibson.

9. At all times material herein, Defendant Officer Robert C. Motley was acting in his capacity as an agent, servant, and employee of Defendant City of Broken Arrow, Oklahoma and its Police Department, and was acting under the direction and control of Defendant City of Broken Arrow, Oklahoma and its Police Department, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant City of Broken Arrow, Oklahoma and its Police Department.

10. Defendant Motley was a resident of Tulsa County, State of Oklahoma, at the time of the incident complained of herein.

11. At all times material herein, Defendant Motley was a police officer employed by Defendant City of Broken Arrow, Oklahoma and its Police Department and was acting under color of law pursuant to his authority as a police officer.

12. Defendant Motley is sued in his individual capacity.

13. At all times material herein, Defendant Officer Gibson was acting in his capacity as an agent, servant, and employee of Defendant City of Broken Arrow, Oklahoma and its Police Department, and was acting under the direction and control of Defendant City of Broken Arrow, Oklahoma and its Police Department, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant City of Broken Arrow, Oklahoma and its Police Department.

14. Defendant Gibson was a resident of Tulsa County, State of Oklahoma, at the time of the incident complained of herein.

15. At all times material herein, Defendant Gibson was a police officer employed by Defendant City of Broken Arrow, Oklahoma and its Police Department and was acting under color of law pursuant to his authority as a police officer.

16. Defendant Gibson is sued in his individual capacity.

## GENERAL FACTUAL ALLEGATIONS

17. On April 8, 2019, Plaintiff Hubbard was walking through Nienhuis Park in Broken Arrow, Oklahoma.

18. In accordance with the Second Amended to the United States Constitution and Oklahoma law, Plaintiff Hubbard was openly carrying a .40 caliber FNX pistol, holstered on his right hip, and an OMNI ATI AR style pistol, which was slung on his back with the barrel pointing towards the ground.

19. Plaintiff had a handgun license issued by the State of Oklahoma.

20. After receiving a call of "a man walking around the basketball courts carrying a rifle and a pistol," Defendant Officer Gibson arrived on the scene and was the first to make contact with Plaintiff.

21. Defendant Officer Gibson yelled at Plaintiff and ordered Plaintiff to lie face down on the ground. Defendant Officer Gibson had his pistol drawn and pointed at Plaintiff. Plaintiff was not advised that he was under arrest.

22. Plaintiff, with his hands in the air, attempted to explain to Defendant Officer Gibson that he was acting within his rights and in compliance with Oklahoma law. He informed Defendant Officer Gibson of exactly what firearms he was carrying.

23. Defendant Officer Gibson told Plaintiff that he was there because of an alleged report that Plaintiff had pointed his weapon at someone.

24. Plaintiff informed Defendant Officer Gibson that this was not true and that it had never happened.

25. Defendant Officer Gibson, with his pistol still drawn and pointed at Plaintiff, again told Plaintiff to lie down on the ground.

26. Plaintiff asked to speak to a supervisor and asked Defendant Officer Gibson to lower his pistol, because he was not a threat and was only exercising his rights as protected by the Second Amendment.

27. During the entire time after Defendant Officer Gibson pointed his pistol at Plaintiff, Plaintiff was recording the encounter on his cell phone.

28. Defendant Officer Gibson instructed Plaintiff to stop recording and to lie on the ground.

29. Defendant Officer Motley arrived on the scene and found Defendant Officer Gibson with his pistol drawn giving Plaintiff commands to get on the ground. Plaintiff was standing approximately fifteen (15) yards away with a pistol in its holster, the AR style pistol slung on his back, and holding his phone over his head.

30. Defendant Officer Motley got his pepper ball gun and commanded Plaintiff to get on the ground.

31. Plaintiff advised Defendants that he was going to comply and went down to one knee. However, Defendant Officer Motley shot approximately fifteen (15) pepper

balls at Plaintiff, striking Plaintiff approximately seven (7) to ten (10) times.

32. Defendants approached Plaintiff, seized his cell phone first and then his firearms. Plaintiff was advised he was being arrested for obstruction.

33. Plaintiff was held in jail for three (3) days before he was allowed to post bail.

34. At no time have any criminal charges been filed against Plaintiff, yet his cell phone and his firearms have still not been returned to him.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Unlawfully Preventing Recording of Police Officers)

35. Plaintiff incorporates herein all the prior allegations.

36. Plaintiff engaged in constitutionally protected conduct of recording the Defendant Officers.

37. Defendants took away his phone and arrested Plaintiff when he exercised his first Amendment right to record them.

38. Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented Plaintiff from recording them without a warrant or any lawful basis.

39. Defendants' actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

40. Defendants intentionally prevented Plaintiff from recording them, which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

41. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Second Amendment – Unlawfully Preventing Plaintiff from Carrying Firearms)

42. Plaintiff incorporates herein all the prior allegations.

43. Plaintiff engaged in constitutionally protected conduct of carrying his firearms in compliance with the Second Amendment to the United States Constitution and Oklahoma law.

44. Defendants seized his firearms and arrested Plaintiff when he exercised his Second Amendment right to carry his firearms.

45. Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented Plaintiff from carrying his firearms without a warrant or any lawful basis.

46. Defendants' actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

47.     Defendants intentionally prevented Plaintiff from carrying his firearms, which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

48.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

49.     Plaintiff incorporates herein all the prior allegations.

50.     Plaintiff engaged in constitutionally protected conduct of recording Defendants and carrying his firearms.

51.     Defendant Officers arrested and/or detained Plaintiff for exercising his First Amendment right to record them and his Second Amendment right to carry his firearms.

52.     In retaliation for this protected conduct, Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

53.     Plaintiff's retaliatory arrest was based on Defendants knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

54.     Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

55. The retaliation was motivated at least in part by the protected conduct.

56. There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the Defendants against Plaintiff.

57. Defendants intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within the fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

58. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment – Retaliation for Protected Conduct)

59. Plaintiff incorporates herein all the prior allegations.

60. Plaintiff engaged in constitutionally protected conduct of recording Defendant Officers and carrying his firearms.

61. Defendants seized Plaintiff's phone for exercising his First Amendment right to record them and his firearms for exercising his Second Amendment right.

62. In retaliation for this protected conduct, Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

63. Plaintiff's retaliatory seizure was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth. Further, Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

64. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

65. The retaliation was motivated at least in part by the protected speech and conduct.

66. There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the defendants against Plaintiff.

67. Defendants conduct in seizing Plaintiff's property deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

68. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

### COUNT V
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Search)

69. Plaintiff incorporates herein all the prior allegations.

70. The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion before searching a criminal suspect.

71. Defendants Officers Gibson and Motley intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently searched Plaintiff without a warrant or any lawful basis.

72. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful search pursuant to the Fourth Amendment to the United States Constitution.

73. At all times relevant, as a police officer acting under color of law, Defendants Officers Gibson and Motley were required to obey the laws of the United States.

74. In violation of Plaintiff's clearly established constitutionally protected right to be free from unreasonable search and seizure without due process of law under the Fourth Amendments to the United States Constitution, Defendants Officers Gibson and Motley and the City of Broken Arrow unlawfully searched Plaintiff.

75. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT VI
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Arrest)

76. Plaintiff incorporates herein all the prior allegations.

77. The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

78. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

79. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

80. Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

81. Plaintiff was initially detained when Defendant Officer Gibson pointed his pistol at him. He was later handcuffed and detained by Defendant Officers for exercising his First and Second Amendment Rights pursuant to the Constitution of the United States.

82. Plaintiff was held at gunpoint by Defendant Officer Gibson and later handcuffed by Defendant Officers. Therefore, Plaintiff was arrested, detained, and not free to leave.

83. Plaintiff's arrest was based on Defendant Officers knowing, deliberate, and reckless disregard for the truth.

84. Further, the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

85. Defendant Officers intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

86. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Second, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

87. The acts complained of were carried out by the individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Broken Arrow.

88. Defendant Officers collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

89. Defendants Officers' actions constituted unlawful arrest and/or detainment of Plaintiff.

90. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical pain and

suffering, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment - Unlawful Seizure of Phone and Firearms)

91. Plaintiff incorporates herein all the prior allegations.

92. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

93. Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone and firearms without a warrant or any lawful basis.

94. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

95. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

96. The acts complained of were carried out by the individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Broken Arrow.

97. Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden under the Constitution of the United States.

98. In violation of Plaintiff's clearly established, constitutionally protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Officers unlawfully seized Plaintiff's property.

99. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT VIII
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
**(Fourth Amendment – Excessive Force)**

100. Plaintiff incorporates herein all the prior factual allegations.

101. Plaintiff suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Officer Motley.

102. As discussed herein, Defendant Officer Motley fired approximately fifteen (15) rounds of pepper balls at Plaintiff, striking him approximately seven (7) to ten (10) times. This caused Plaintiff physical pain and suffering.

103. The physical attacks on Plaintiff were without legal justification.

104. The force used was objectively unreasonable and not proportional as Plaintiff did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

105. At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

106. At all times relevant, as police officers acting under the color of law, Defendant were required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

107. In violation of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, Defendant employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting personal injuries upon him.

108. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

109. The acts complained of were carried out by the Defendant in his capacity as a police officer, with the entire, actual, and/or apparent authority attendant thereto.

110. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT IX
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Municipal Liability-Policy to Arrest for Recording Police Officers and Carrying Firearms)

111. Plaintiff incorporates herein all the prior allegations.

112. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

113. At all times relevant to this complaint, Defendant City of Broken Arrow acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers' conduct.

114. This custom and policy that prohibits recording of police vehicles and permits officers to make arrests for such actions, was the standard operating procedure for Defendant officers and the City of Broken Arrow.

115. This policy was evidenced by Defendants Officers Gibson and Motley, when they arrested Plaintiff for filing them and carrying his firearms.

116. As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

## COUNT X
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Municipal Liability-Policy to Seize Property for Exercising Protected Conduct)

117. Plaintiff incorporates herein all the prior allegations.

118. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

119. At all times relevant to this complaint, Defendant City of Broken Arrow acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers' conduct.

120. This custom and policy that permits police officers to confiscate personal property, i.e. cameras/recording devices that are used to film police officers and firearms that are legally carried, was the standard operating procedure for Defendant officers and the City of Broken Arrow.

121. This policy was evidenced by Defendants Officers Gibson and Motley, when they confiscated Plaintiff's camera/recording device used to record them and his firearms that he was legally carrying.

122. As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

### COUNT XI
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Municipal Liability-Failure to Train and Supervise)

123. Plaintiff incorporates herein all the prior allegations.

124. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

125. At all times relevant to this complaint, Defendant City of Broken Arrow acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers' conduct.

126. In the alternative and at all times relevant to this complaint, Defendant City of Broken Arrow, did not in fact have such policies in place, but failed to properly train Defendant officers, thereby demonstrating deliberate indifference to Plaintiff's rights.

127. Defendant City of Broken Arrow failed to: (a) adequately supervise and train its officers and agents, including Defendants Officers Gibson and Motley, thereby failing to adequately discourage further constitutional violations on the part of its officers; and (b) properly and adequately monitor and discipline its officers.

128. Defendant City of Broken Arrow failed to properly train its police officers on the proper standard for initiating an investigation of a criminal suspect, when to seize property, and when to bring criminal charges.

129. Defendant City of Broken Arrow's failure to adequately supervise and train its police officers on the proper procedures for investigations and criminal investigations caused Defendant Officers to violate Plaintiff's Constitutional rights.

130. As a result of Defendant City of Broken Arrow's failure to adequately train or correct their policy to arrest people and seize their property for exercising protected conduct, Plaintiff was harmed and seeks compensatory and punitive damages in addition to reasonable attorney fees.

**WHEREFORE,** Plaintiff demands judgment against the Defendants in an amount in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) as to each cause of action against each Defendant, attorney's fees, costs, statutory interest until the date judgment is paid, punitive damages, and for such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

/s/ Eric D. Cotton
Eric D. Cotton, OBA #20658
THE COTTON LAW FIRM, P.L.L.C.
3415 E. 44th St.
Edmond, Oklahoma 73013
Telephone:   (405) 285-0816
Facsimile:   (405) 285-1409
E-mail Address for service:
Eric.cotton@thecottonlawfirm.com
Attorney for Plaintiff

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED